# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE A. BROOKS,<br><br>               Plaintiff,<br><br>   v.<br><br>NVK LOGISTICS, INC.,<br><br>               Defendant. | Civil Action No.: _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, DANIELLE A. BROOKS, by and through undersigned counsel, WEISBERG CUMMINGS, P.C., hereby files this Complaint against Defendant, NVK LOGISTICS, INC., for violations of the Surface Transportation Assistance Act of 1982 (the "STAA"), 49 U.S.C. § 31105, which protects individuals from unlawful retaliation by their employers, as follows:

## PARTIES

### A.    Plaintiff

1.    Plaintiff, Danielle A. Brooks ("Ms. Brooks" or "Plaintiff"), is an adult individual and resident of the Commonwealth of Pennsylvania, who currently resides at 2803 Buxton Court, Harrisburg, Dauphin County, Pennsylvania 17110.

2.      At all times relevant to this Complaint, Ms. Brooks was an "employee" within the meaning of the STAA, 49 U.S.C. § 31101.

**B.      Defendant**

3.      Defendant, NVK Logistics, Inc. ("NVK" or "Defendant"), is a Pennsylvania corporation with a business address of 2811 Turnpike Industrial Drive, Middletown, Pennsylvania 17057.

4.      NVK is an interstate commercial transportation company authorized for property-carrying.

5.      At all times relevant to this Complaint, NVK was an "employer" within the meaning of the STAA, 49 U.S.C. § 31101.

## JURISDICTION AND VENUE

6.      Under certain circumstances (*e.g.*, prior to the issuance of a final order from the U.S. Department of Labor), STAA authorizes private parties to "bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury."  49 U.S.C. § 31105.

7.      Subject matter jurisdiction over retaliation claims arising under the STAA is proper pursuant to 28 U.S.C. § 1331.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because NVK conducted business operations and provided services within this judicial district, Ms. Brooks previously resided in this judicial district during her employment with NVK, and a substantial part of the events giving rise to Ms. Brooks's claims occurred within this district.

## STATEMENT OF FACTS

9.      Ms. Brooks was employed by NVK as a commercial truck driver from on or about March 13, 2022, until on or about November 13, 2022.

10.    In or about July 2022, Ms. Brooks' truck was in the shop for repairs in California, and Ms. Brooks was provided a temporary replacement truck while hers was in the shop.

11.    Throughout the course of her employment, Ms. Brooks was pressured or required to drive over permissible hours of service, in violation of applicable regulations.

12.    Ms. Brooks was asked by her supervisor to call in an hour before she exceeded her hours of service to "fix" her time by making changes to the Electronic Logging Device ("ELD") and prevent hours of service violations.

13.    Between September and October 2022, Ms. Brooks raised safety concerns to NVK in reference to being pressured or required to drive over hours of

service on multiple occasions, as well as NVK tampering with the hour of service logs.

14.     In or about September 2022, NVK required Ms. Brooks to transport hazardous materials without required HAZMAT placards.

15.     Ms. Brooks reported each of these aforementioned safety concerns to the owner of the company, Joseph Kramarenko, and her supervisor Jim (last name unknown).

16.     After Ms. Brooks reported these safety concerns to NVK, her hours were reduced, and NVK stopped booking loads for her to haul, causing her to lose income.

17.     On or about November 10, 2022, Ms. Brooks' truck was struck by another driver while she was off duty, which required Ms. Brooks' truck to be sent to California for repairs.

18.     Although loaner trucks would have been available for Ms. Brooks to drive similar to what had been provided when her truck was in the shop in July 2022, Ms. Brooks was denied a loaner truck, and NVK did not respond to her communications seeking a loaner truck.

19.     On or around November 13, 2022, Ms. Brooks was advised that all of her personal items were removed for her truck and were available for her to pick up at the warehouse, essentially terminating her employment with NKV.

20.    Ms. Brooks reached out to NVK via phone numerous times between November 13, 2022 and November 21, 2022 to confirm her employment status, but NVK did not answer or return her calls.

21.    Ms. Brooks was terminated in retaliation for engaging in protected activity under STAA, including complaining about hours and safety violations.

## COUNT I

### VIOLATION OF STA
*Retaliation*

22.    The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

23.    At all times material herein, Ms. Brooks was entitled to the rights, protections, and benefits provided for pursuant to Section 31105 of the STAA.

24.    Ms. Brooks was an "employee" and NVK was her "employer" pursuant to Section 31101 of the STAA.

25.    NVK discharged, disciplined, or discriminated against Ms. Brooks, an employee, regarding her pay, terms, or privileges of employment.

26.    NVK did so because it perceived that Ms. Brooks had filed or was about to file a complaint, or had begun or was about to begin, a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard, or order, in violation of the STAA.

27.     NVK's unlawful conduct has caused Ms. Brooks to suffer significant damages, including loss of income, out-of-pocket expenses, mental and emotional anguish, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, Danielle A. Brooks, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, NVK Logistics, Inc., as follows:

(a)     Finding and declaring that Plaintiff's protected federal were violated as set forth in this Complaint;

(b)     Awarding Plaintiff monetary damages, in an amount to be determined at trial, that will fully and fairly compensate the Plaintiff for her injury and losses including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority, pain and suffering, and emotional distress and anguish;

(c)     Awarding Plaintiff punitive damages, in an amount sufficient to punish Defendant and deter others from like conduct;

(d)     Awarding Plaintiff her reasonable attorney fees, expenses, and costs against Defendant;

(e)     Setting a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint; and

(f)     Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff, Danielle A. Brooks, demands a trial by jury on all issues triable to a

jury as a matter of right.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

September 18, 2023          /s/ *Larry A. Weisberg*
Date                       Larry A. Weisberg (PA 83410)
                           lweisberg@weisbergcummings.com

                           /s/ *Derrek W. Cummings*
                           Derrek W. Cummings (PA 83286)
                           dcummings@weisbergcummings.com

                           /s/ *Steve T. Mahan*
                           Steve T. Mahan (PA 313550)
                           smahan@weisbergcummings.com

                           /s/ *Michael J. Bradley*
                           Michael J. Bradley (PA 329880)
                           mbradley@weisbergcummings.com

                           2704 Commerce Drive, Suite B
                           Harrisburg, PA 17110-9380
                           (717) 238-5707
                           (717) 233-8133 (Fax)

                           *Counsel for Plaintiff*